# EXHIBIT 1

Exhibit 1

# Case Information

DC-21-11340 | KEVIN CHAPMAN vs. QUIKTRIP CORPORATION

| | | |
|---|---|---|
| **Case Number** | **Court** | **Judicial Officer** |
| DC-21-11340 | 44th District Court | WYSOCKI, ASHLEY |
| **File Date** | **Case Type** | **Case Status** |
| 08/23/2021 | PROPERTY | OPEN |

# Party

**PLAINTIFF**
CHAPMAN, KEVIN

Address
1042 CALDWELL DRIVE
GARLAND TX 75041

Active Attorneys ▼
Lead Attorney
SCHEUMACK, GRIFFIN
Retained

---

**DEFENDANT**
QUIKTRIP CORPORATION

Address
BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM
1999 BRYAN STREET, SUITE 900
DALLAS TX 75201

Active Attorneys ▼
Lead Attorney
BRISCOE, B KYLE
Retained

---

# Events and Hearings

07/24/2021 ORDER - STATUS CONFERENCE ▼

ORDER - STATUS CONFERENCE

08/23/2021 NEW CASE FILED (OCA) - CIVIL

08/23/2021 ORIGINAL PETITION ▼

ORIGINAL PETITION

| | |
|---|---|
| 08/23/2021 CORRESPONDENCE - LETTER TO FILE ▼ | |
| LETTER | |
| 08/23/2021 ISSUE CITATION ▼ | |
| ISSUE CITATION - QUIKTRIP CORPORATION | |
| 08/26/2021 CITATION ▼ | |
| Served<br>08/31/2021 | |
| Anticipated Server<br>ESERVE | |
| Anticipated Method<br>Actual Server<br>PRIVATE PROCESS SERVER | |
| Returned<br>09/02/2021<br>Comment<br>QUIKTRIP CORPORATION | |
| 09/02/2021 RETURN OF SERVICE ▼ | |
| EXECUTED CITATION - QUIKTRIP CORPORATION | |
| Comment<br>EXECUTED CITATION - QUIKTRIP CORPORATION | |
| 09/24/2021 ORIGINAL ANSWER - GENERAL DENIAL ▼ | |
| ORIGINAL ANSWER | |
| 10/15/2021 Status Conference ▼ | |
| Judicial Officer<br>WYSOCKI, ASHLEY | |
| Hearing Time<br>9:00 AM | |

## Financial

| | | |
|---|---|---|
| CHAPMAN, KEVIN | | |
| | Total Financial Assessment | $300.00 |
| | Total Payments and Credits | $300.00 |

| 8/23/2021 | Transaction Assessment | | | $300.00 |
| 8/23/2021 | CREDIT CARD - TEXFILE (DC) | Receipt # 55109-2021-DCLK | CHAPMAN, KEVIN | ($300.00) |

## Documents

ORIGINAL PETITION

LETTER

ISSUE CITATION - QUIKTRIP CORPORATION

ORDER - STATUS CONFERENCE

EXECUTED CITATION - QUIKTRIP CORPORATION

ORIGINAL ANSWER

# EXHIBIT 2

**Exhibit 2**

Case 3:21-cv-02314-S   Document 1-2   Filed 09/29/21   Page 6 of 16   PageID 12

FILED
8/23/2021 11:37 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Belinda Hernandez DEPUTY

CAUSE NO. DC-21-11340

| KEVIN CHAPMAN, | IN THE DISTRICT COURT |
| Plaintiff, | |
| v. | 44th JUDICIAL DISTRICT |
| QUIKTRIP CORPORATION, | |
| Defendant. | DALLAS COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, KEVIN CHAPMAN, Plaintiff, and files Plaintiff's Original Petition, complaining of Defendant, QUIKTRIP CORPORATION, and would show unto the Court as follows:

### I. SELECTION OF DISCOVERY LEVEL

1.  This suit is governed by discovery control plan II under Rule 190.3 of the Texas Rules of Civil Procedure.

### II. PARTIES

2.  Plaintiff, KEVIN CHAPMAN, is an individual who resides at 1042 Caldwell Drive, Garland, Dallas County, TX 75041.

3.  Defendant, QUIKTRIP CORPORATION, is an out of state corporation that may be served with process through its President, Vice-President, or Registered Agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, TX 75201. Citation is being requested for this Defendant and service will be completed by a private process server.

### III. JURISDICTION & VENUE

4.  The Court has continuing jurisdiction over Defendant, Quicktrip Corporation, because Defendant maintains substantial and continuing contacts with the State of Texas. The Court has jurisdiction over the controversy, because the damages are within the statutory jurisdictional limits of the Court.

5.  Venue is proper in Dallas County, Texas, because all or a substantial part of the events or omissions giving rise to the claim occurred in Dallas County.

## IV. FACTS

6. On or about November 20, 2019, Plaintiff was injured on the QuikTrip premises located at 2010 South Shiloh Road, Garland, Dallas, County, TX. Plaintiff, Kevin Chapman, was parked at the air pump and was walking around his car to reach the air pump. Plaintiff walked in front of his car and fell into a sewer drain that was not properly closed. Defendant, Quiktrip Corporation's, employee, identified as the Assistant Manager, informed the Plaintiff that the drain had been unsecured for a few weeks at the time of this incident. At the time of injury, the premises were being used as a service station by Defendant, Quicktrip Corporation.

7. Defendant was in control of the premises on which Plaintiff's injuries occurred. At the time the injuries occurred, Defendant was the owner of the premises or leasing the premises and had the exclusive right to control the property on which Plaintiff was injured.

8. Plaintiff was an invitee at the time the injury occurred. Plaintiff entered on Defendant's premises for the mutual benefit of himself and Defendant and at the implied invitation of Defendant. Defendant extended an open invitation to the public to enter the premises.

## V. NEGLIGENCE

9. Because Plaintiff was an invitee at the time of injury, Defendant, Quicktrip Corporation, owed a duty to exercise ordinary care to keep the premises in reasonably safe condition, inspect the premises to discover latent defects, and to make safe any defects or give an adequate warning of any dangers.

10. Defendant's conduct, and that of its agents, servants, and employees, acting within the scope of their employment, constituted a breach of the duty of ordinary care owed to Plaintiff. Defendant knew or should have known that the condition on its premises created an unreasonable risk of harm to invitees. Specifically, Defendant breached its duty in one or more of the following ways:

    1. Failing to inspect the premises on a regular basis;

    2. Failing to perform needed repairs;

    3. Failing to close the air pumps until the drain cover was secured;

    4. Failing to place signs warning invitees;

    5. Failing to instruct or train its agents, servants, and employees to maintain a hazard free environment; and

    6. Failing to supervise its agents, servants, and employees to ensure the safety of invitees.

## VI. DAMAGES

11. As a proximate result of Defendant's negligence, Plaintiff suffered severe physical injuries. As a result his injuries, Plaintiff has suffered the following damages:

    a. Physical pain and mental anguish in the past and future;

    b. Medical expenses in the past and future; and

    c. Physical impairment.

## VII. PRAYER

12. WHEREFORE, PREMISES CONSIDERED, Plaintiff, KEVIN CHAPMAN, respectfully requests that Defendant, QUIKTRIP CORPORATION, be cited to appear and answer, and on final trial, that Plaintiff have judgment against Defendant for:

    a. Actual damages;

    b. Prejudgment and post judgment interest as allowed by law;

    c. Costs of suit;

    d. Monetary relief over $250,000 but not more than $1,000,000; and

  e.  Any further relief, either in law or equity, to which Plaintiff is justly entitled.

## VIII. REQUEST FOR DISCLOSURE

Pursuant Rule 194 of the Texas Rules of Civil Procedure, please disclose all information identified in Rule 194.2 (a) - (l).

Respectfully submitted,

Ben Abbott & Associates, PLLC
1934 Pendleton Drive
Garland, Texas 75041
(972) 263-5555
(817) 263-5555
(972) 682-7586 Facsimile
eService@benabbott.com

*/s/ Griffin Scheumack*
Griffin Scheumack
State Bar No. 24097168

ATTORNEY FOR PLAINTIFF

# EXHIBIT 3

**Exhibit 3**

Case 3:21-cv-02314-S   Document 1-2   Filed 09/29/21   Page 11 of 16   PageID 17

FILED
9/24/2021 8:59 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Terri Kilgore DEPUTY

CAUSE NO. DC-21-11340

| | | |
|---|---|---|
| KEVIN CHAPMAN, § | | IN THE DISTRICT COURT |
| *Plaintiff*, § | | |
| § | | |
| v. § | | 44th JUDICIAL DISTRICT COURT |
| § | | |
| QUIKTRIP CORPORATION, § | | |
| *Defendant*. § | | DALLAS COUNTY, TEXAS |

**DEFENDANT'S ORIGINAL ANSWER**

**TO THE HONORABLE 44TH JUDICIAL DISTRICT COURT:**

COMES NOW, Defendant QuikTrip Corporation ("Defendant"), filing its *Original Answer*, and in support thereof, respectfully shows as follows:

**I.**
**GENERAL DENIAL**

Defendant denies each and every material allegation contained in Plaintiff's Original Petition, demands strict proof thereof, and -- to the extent that such matters are questions of fact -- says Plaintiff should prove such facts by a preponderance of the evidence to a jury if he can so do.

**II.**
**DEFENSES AND LIMITATIONS ON DAMAGES AND LIABILITY**

1. Defendant specifically denies Plaintiff's allegations that it was negligent in any respect, and Defendant denies that any of its alleged acts or omissions proximately caused Plaintiff's alleged damages, if any.

2. Defendant claims that Plaintiff failed to use that degree of care and caution as would have been used by a reasonable person under the same or similar circumstances, thereby producing or proximately causing or contributing to Plaintiff's alleged damages, if any. Such acts

or omissions of Plaintiff were the sole and/or a producing and/or a proximate and/or a supervening and/or an intervening cause of Plaintiff's alleged damages or injuries, if any.

3. Defendant asserts that Plaintiff's damages or injuries, if any, were caused by the acts or omissions of third persons not under the control of Defendant. Such acts or omissions of said third persons were the sole and/or a producing and/or a proximate and/or an intervening and/or a supervening cause of Plaintiff's damages or injuries, if any.

4. Defendant had neither actual nor constructive knowledge of the condition about which Plaintiff complains, and further asserts that, in any event, the alleged condition was not "unreasonably dangerous."

5. Additionally, and in the alternative, Defendant asserts that the alleged premises condition of which Plaintiff complains was already appreciated by Plaintiff, was open and obvious, was not concealed, and/or was a known risk and, therefore, Defendant denies that it owed any duty to warn Plaintiff of the alleged premises condition or protect Plaintiff from same.

6. Additionally, and in the alternative, Defendant asserts that it provided adequate warning of the condition at issue.

7. Defendant further contends that the incident complained of was an unavoidable accident, as that term is defined under Texas law.

8. To the extent necessary, Defendant asserts that the damages of which Plaintiff complains, if any, may be the result of prior, pre-existing, or subsequent injuries, accidents, or conditions, and said prior, pre-existing, or subsequent injuries, accidents, or conditions may therefore be the sole or a contributing cause of Plaintiff's alleged damages, if any.

9. Defendant may further show that Plaintiff breached his duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of damages.

10. Defendant asserts that Plaintiff may be malingering and/or exaggerating the nature and severity of his injuries in order to continue treatment, and, accordingly, Defendant contends said treatment may not be medically necessary or reasonable.

11. Defendant respectfully requests that the factfinder allocate responsibility, if any, among all parties, settling parties, and responsible third parties, in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

12. Defendant further asserts that any claims for medical or health care expenses incurred are limited to the amount actually paid or incurred by or on behalf of Plaintiff under Texas Civil Practice and Remedies Code § 41.0105.

13. Pursuant to Texas Civil Practice & Remedies Code § 18.091, to the extent that Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, Defendant asserts that evidence of such alleged losses must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

14. In the unlikely event an adverse judgment is rendered against Defendant in this matter, Defendant respectfully prays for contribution, indemnity and/or all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

## III.
## REQUEST FOR COURT REPORTER

Defendant respectfully requests that a court reporter be present at all proceedings before this Honorable Court.

## IV.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant respectfully prays that Plaintiff take nothing by this cause of action, that Defendant be permitted to recover the costs expended on its behalf, and for such other and further relief to which Defendant may show itself justly entitled, in law or in equity.

Respectfully submitted,

**PEAVLER | BRISCOE**

/s/ B. Kyle Briscoe
---
**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Nicolas M. Lund**
State Bar No. 24084391
nlund@peavlerbriscoe.com
**Rebeccah D. Tejada**
State Bar No. 24097174
rtejada@peavlerbriscoe.com
**PEAVLER | BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendant hereby certifies that a true and correct copy of the foregoing document has been forwarded to all counsel of record, pursuant to and in accordance with the Texas Rules of Civil Procedure, on September 24, 2021.

/s/ B. Kyle Briscoe
**B. Kyle Briscoe**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Bryan Briscoe on behalf of Bryan Briscoe
Bar No. 24069421
kbriscoe@peavlerbriscoe.com
Envelope ID: 57565799
Status as of 9/27/2021 8:02 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Griffin Scheumack | 24097168 | eservice@benabbott.com | 9/24/2021 8:59:25 AM | SENT |
| Kyle Briscoe | | kbriscoe@peavlerbriscoe.com | 9/24/2021 8:59:25 AM | SENT |
| Nicolas MLund | | nlund@peavlerbriscoe.com | 9/24/2021 8:59:25 AM | SENT |
| Rebeccah Tejada | | rtejada@peavlerbriscoe.com | 9/24/2021 8:59:25 AM | SENT |
| Brandi Spillers | | bspillers@peavlerbriscoe.com | 9/24/2021 8:59:25 AM | SENT |
| Liz Contreras | | econtreras@peavlerbriscoe.com | 9/24/2021 8:59:25 AM | SENT |