# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN CHAPMAN | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-CV-2314-S |
| | § | |
| QUIKTRIP CORPORATION | § | |

### ORDER,
### MEMORANDUM OPINION,
### and
### CERTIFICATE OF APPEALABILITY

Before the Court is Defendant QuikTrip's Motion to Strike Plaintiff's Affidavits Served Pursuant to Texas Civil Practice and Remedies Code Section 18.001 ("Motion") [ECF No. 15], Brief in Support of Defendant's Motion [ECF No. 16], and Appendix in Support of Defendant's Motion [ECF No. 17]. Plaintiff Kevin Chapman has not filed a response to the Motion. For the following reasons, the Court **DENIES** the Motion.

### I.     BACKGROUND

This case was removed to federal court based on diversity jurisdiction under 28 U.S.C. § 1332. *See* ECF No. 1. Plaintiff claims he sustained injuries after falling into a sewer drain at a gas station operated by Defendant QuikTrip Corporation. He asserts a negligence claim against Defendant based on a theory of premises liability. Plaintiff seeks damages for past and future pain and mental anguish, medical expenses, and physical impairment. *See* First Am. Compl. [ECF No. 11].

In December 2021, Plaintiff filed and served Defendant with a Notice of Filing Affidavits Concerning Authenticity of Medical Expenses Pursuant to Tex. Civ. Prac. & Rem. Code Section 18.001 [ECF No. 13], accompanied by five medical and billing record affidavits from several of Plaintiff's health care providers. The next month, Plaintiff filed and served a second Notice of

Filing Affidavits Concerning Authenticity of Medical Expenses Pursuant to Tex. Civ. Prac. & Rem. Code Section 18.001 [ECF No. 14], with four similar medical prove-up affidavits.

The affidavits filed with the two notices ("Affidavits") are nearly identical in form and contain representations from the custodians of records attesting to the authenticity of the medical records and representing that (1) the services provided were reasonable and necessary for Plaintiff's treatment; and (2) the amounts charged for the services were reasonable at the time and place that the service was provided. These affidavits are allowed in state court under Texas Civil Practice and Remedies Code section 18.001 ("Section 18.001"), a Texas statute that permits affidavits as prima facie evidence of the reasonableness and necessity of a plaintiff's medical care and expenses.

Defendant moved to strike the Affidavits, asserting that they are inadmissible for the following reasons: (1) Section 18.001 conflicts with the Federal Rules of Evidence and would permit Plaintiff to improperly rely on hearsay evidence; and (2) Section 18.001 is purely procedural and thus inapplicable in federal court under the *Erie* doctrine. Defendant alternatively requests that its deadline to submit any controverting affidavits be extended by 30 days if the Court denies the Motion.

## II.   LEGAL STANDARD

Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)). The Fifth Circuit has characterized the Federal Rules of Evidence as "procedural." *Wash. v. Dep't of Transp.*, 8 F.3d 296, 300 (5th Cir. 1993). Accordingly, where a party has alleged a direct conflict between the federal rules and state law, the court must first determine whether the federal rule is "sufficiently broad . . . to control the issue before the court," and constitutional. *All Plaintiffs v. All Defendants*, 645 F.3d 329, 333 (5th Cir. 2011) (internal

2

quotation marks omitted) (quoting *Burlington N. R.R. Co. v. Woods*, 480 U.S. 1, 4-5 (1987)). When the federal rule answers a "disputed question differently" than the state rule, the federal rule prevails. *Passmore v. Baylor Health Care Sys.*, 823 F.3d 292, 297 (5th Cir. 2016). However, if "the state rule reflects a substantive state policy not in conflict with the plain meaning of the federal rule," then the state rule should be applied. *Exxon Corp. v. Burglin*, 42 F.3d 948, 950 (5th Cir. 1995).

If there is no "direct collision" between the state and federal rules, only then do courts proceed with the traditional *Erie* analysis. *All Plaintiffs*, 645 F.3d at 333. In determining whether a state law applies under *Erie*, courts must consider: (1) whether the law "significantly affect[s] the result of a litigation," *Guaranty Tr. Co. v. New York*, 326 U.S. 99, 109 (1945); (2) whether the state rule "is bound up" with state-secured substantive rights and obligations, *Byrd v. Blue Ridge Rural Elec. Coop., Inc.*, 356 U.S. 525, 535-38 (1958); and (3) whether the decision to apply the state law would result in the "discouragement of forum-shopping and avoidance of inequitable administration of the laws," *Hanna*, 380 U.S. at 468. *See All Plaintiffs*, 645 F.3d at 335-36 (discussing *Erie* touchstones and framework).

### III. DISCUSSION

#### A. *Texas Civil Practice and Remedies Code Section 18.001*

Section 18.001(b) provides as follows:

> Unless a controverting affidavit is served as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary. The affidavit is not evidence of and does not support a finding of the causation element of the cause of action that is the basis for the civil action.

TEX. CIV. PRAC. & REM. CODE § 18.001(b). The remainder of the provision sets forth various timing, notice, and form requirements. *See id.* § 18.001(c)-(i). If a defendant successfully

3

controverts a plaintiff's affidavit under Section 18.001, neither party's affidavits are admissible at trial, and the reasonableness and necessity of medical expenses (or lack thereof) must be established through expert testimony.

Plaintiffs bear the burden of proving the actual amount, necessity, and reasonableness of past medical expenses. Section 18.001 dramatically simplifies the process of proving up these expenses and saves litigants the time and expense of having to hire medical experts to testify. *See, e.g., Gunn v. McCoy*, 554 S.W.3d 645, 672 (Tex. 2018) (noting that Section 18.001 affidavits streamline proof of reasonableness and necessity); *Ten Hagen Excavating, Inc. v. Castro-Lopez*, 503 S.W.3d 463, 491 (Tex. App.—Dallas 2016, pet. denied) (observing that Section 18.001 affidavits "can save the plaintiffs the expense of having to hire an expert to testify"), *abrogated on other grounds by In re Allstate Indem. Co.*, 622 S.W.3d 870, 881-82 (Tex. 2021); *Peals v. QuikTrip Corp.*, 511 F. Supp. 3d 770, 773-74 (E.D. Tex. 2021) (collecting Texas and federal cases "recogniz[ing] that Section 18.001 allows litigants to save substantial time and costs"); *Ramirez v. United States*, No. SA-19-CV-00072-JKP, 2020 WL 2198167, at *1 (W.D. Tex. May 6, 2020) (recognizing that Section 18.001 affidavits "provide[] a significant savings of time and cost to litigants, particularly personal injury litigants") (citation omitted).

Federal district courts in Texas are deeply divided on the applicability of Section 18.001 in personal injury cases removed to federal court. Some courts have followed a line of reasoning first articulated in *Rahimi v. United States*, which held that Section 18.001 "is so bound up or intertwined with a litigant's substantive rights, it is appropriate to apply the state law to avoid an inequitable administration of the law."[1] 474 F. Supp. 2d 825, 829 (N.D. Tex. 2006). Other courts,

---

[1] *See, e.g., Delarosa v. Great Neck Saw Mfrs.*, 565 F. Supp. 3d 832, 842 (E.D. Tex. 2021); *Vansill v. Dollar Tree Stores, Inc.*, 520 F. Supp. 3d 847, 851-54 (E.D. Tex. 2021); *Peals*, 511 F. Supp. 3d at 781-82; *Bagley v. Dollar Tree Stores, Inc.*, No. 1:18-CV-580, 2019 WL 6492585, at *7 (E.D. Tex. Dec. 2, 2019); *Cueva v. Allstate Fire & Cas. Ins. Co.*, No. 5:19-CV-00324-OLG, 2019 WL 10302147, at *2 (W.D. Tex. Oct. 22, 2019).

however, have concluded that the statute is merely procedural and does not apply in federal courts under the *Erie* doctrine.[2] Several years after *Rahimi* was decided, the Texas Supreme Court in *Haygood v. De Escabedo* described Section 18.001 as "purely procedural, providing for the use of affidavits to streamline proof of the reasonableness and necessity of medical expenses." 356 S.W.3d 390, 397 (Tex. 2011); *see also Gunn*, 554 S.W.3d at 672; *In re Allstate Indem. Co.*, 622 S.W.3d at 881. Since the decision in *Haygood*, however, federal courts in Texas remain split on the issue of whether Section 18.001 is procedural or substantive.[3] *See Guaranty Tr. Co.*, 326 U.S. at 109 (holding that a state court's characterization of a rule as "procedural" does not always decide an *Erie* issue). As one federal district judge has observed, the "stark division demonstrates that discerning on which side of the substance/procedure line Section 18.001 falls is a bedeviling question." *Schmidt v. Blue Monster Transp., Inc.*, No. 1:21-CV-180-H, 2022 WL 2064980, at *2 (N.D. Tex. June 8, 2022). Absent a directive from the Fifth Circuit, Texas federal district courts continue to grapple with this "bedeviling question."

### B.   *Conflict with Federal Rules of Evidence*

Defendant asserts that Section 18.001 conflicts with the Federal Rules of Evidence because it would permit inadmissible hearsay in contravention of Rules 801 and 802 and would "lower the substantive competency bar for expert testimony" established by Rule 702. Mot. 6-9. Thus, the

---

[2] *See, e.g., Hearn v. Kroger Tex. L.P.*, 3:21-CV-1648- D, 2021 WL 5505651, at *1-2 (N.D. Tex. Nov. 23, 2021); *Vidal v. Kroger Tex., LP*, No. 3:20-CV-1541-G-BH, 2021 WL 779076, at *3 (N.D. Tex. Feb. 26, 2021); *Jones v. QuikTrip Corp.*, No. 3:19-CV-2671-D, 2020 WL 6149967, at *1-2 (N.D. Tex. Oct. 20, 2020); *Newby v. Kroger Co.*, 3:19-CV-2510-N, 2020 WL 3963740, at *2-3 (N.D. Tex. July 11, 2020); *Miley v. MMM Freight Corp.*, No. 6:19-CV-00285-ADA-JCM, 2020 WL 5468828, at *3 (W.D. Tex. June 10, 2020); *Davila v. Kroger Tex., LP*, No. 3:19-CV-2467-N, 2020 WL 2331079, at *2-3 (N.D. Tex. May 8, 2020); *Islas v. United States*, No. SA-19-CV-322-XR, 2020 WL 7683288, at *3-5 (W.D. Tex. Apr. 16, 2020); *Parker v. Sheila*, No. A-19-CV-00017-RP, 2020 WL 1669647, at *2 (W.D. Tex. Apr. 3, 2020); *Baird v. Shagdarsuren*, No. 3:17-CV-2000-B, 2019 WL 2286084, at *2 (N.D. Tex. May 29, 2019); *Holland v. United States*, No. 3:14-CV-3780-L, 2016 WL 11605952, at * 1 (N.D. Tex. July 21, 2016).

[3] *See, e.g., Grover v. Gov't Emps. Ins. Co.*, No. SA-18-CV-00850-FB, 2019 WL 2329321, at *1 (W.D. Tex. May 31, 2019) (observing the split and holding that the statute is substantive); *Baird*, 2019 WL 2286084 at *2 (citing to *Haygood* and holding that the statute is procedural); *Akpan v. United States*, No. CV H-16-2981, 2018 WL 398229, at *3 (S.D. Tex. Jan. 12, 2018) (same); *Gorman v. ESA Mgmt., LLC*, No. 3:17-CV-0792-D, 2018 WL 295793, at *1 (N.D. Tex. Jan. 4, 2018) (substantive); *Holland*, 2016 WL 11605952 at *1 (procedural); *Cruzata v. Wal-Mart Stores Tex., LLC*, No. EP-13-CV-00331-FM, 2015 WL 1980719, at *6 (W.D. Tex. May 1, 2015) (substantive).

Court must undertake the initial step of determining whether the scope of these Rules is "sufficiently broad" to cause a "direct collision" with Section 18.001, such that it "control[s] the issue before court" and leaves no room for the operation of Section 18.001. *All Plaintiffs*, 645 F.3d at 333 (citations omitted). And on that point, the Court concludes that permitting Section 18.001 affidavits as evidence of the reasonableness and necessity of medical expenses would not present a direct conflict with Federal Rules of Evidence 702, 801, or 802.

(1)     *Rule 702*

Federal Rule of Evidence 702 governs testimony by expert witnesses in federal courts. *See* FED. R. EVID. 702. While Defendant briefly alludes to a potential conflict with Rule 702 and maintains that testimony under Section 18.001 "do[es] not rise to the level of live testimony from an expert qualified under [Rule] 702," Defendant does not identify the specific conflict or cite authority in support. Upon review of the plain language of Rule 702 and Section 18.001, the Court finds that there is no direct conflict between the two. Though Rule 702 does set forth the requirements for a witness to qualify as an expert, Section 18.001 simply provides that testimony—by an expert or lay witness—on a certain subject matter may be admitted through affidavit rather than live testimony. Because there is no "direct collision" between Section 18.001 and Rule 702, the Court next considers Defendant's assertions of a conflict with the federal rules against hearsay.

(2)     *Hearsay Rules*

Defendant relies on the general prohibition against hearsay evidence set forth in Federal Rules of Evidence 801 and 802. Importantly, however, Rule 802 permits a court to admit hearsay if an exception applies by way of another federal statute, evidentiary rule, or rule from the United States Supreme Court. *See* FED. R. EVID. 802. Rule 807, otherwise known as the "residual hearsay exception," permits certain hearsay evidence that has (1) "sufficient guarantees of trustworthiness" and (2) is "more probative" than any other evidence obtainable through "reasonable efforts." *Id.*

6

Rule 807 is intended to afford courts "the flexibility necessary to address unanticipated situations and to facilitate the basic purposes of the Rules: ascertainment of the truth and fair adjudication of controversies." *Dartez v. Fibreboard Corp.*, 765 F.2d 456, 462 (5th Cir. 1985).

With respect to Rule 807's first prong, the Court finds that affidavits submitted under Section 18.001 carry "sufficient guarantees of trustworthiness." FED. R. EVID. 807. As the Texas Supreme Court has observed, Section 18.001 reflects the Texas Legislature's response to "today's complex health care system" and its policy determination that both medical providers and medical office personnel are "well-suited" to testify as to reasonableness and necessity. *Gunn*, 554 S.W.3d at 673-74. The court acknowledged that "what is 'necessary' is often heavily influenced by insurance companies and what treatments and procedures they are willing to cover." *Id.* (internal citations omitted).

As to the second prong, the Court finds that affidavits with attached itemized billing records are "more probative" than any other evidence obtainable through "***reasonable efforts***" to prove up the reasonableness and necessity of uncontested past medical expenses. FED. R. EVID. 807 (emphasis added). If not through a Section 18.001 affidavit, a plaintiff must hire expert witnesses for the prove up. At times, however, hiring expert witnesses is neither feasible nor reasonable, particularly when there is no real dispute as to the reasonableness or necessity of the medical expenses. Expert fees can easily cost tens of thousands of dollars, if not more. *See, e.g., J.T. Gibbons v. Crawford Fitting Co.*, 102 F.R.D. 73, 90 (E.D. La. 1984) (incurring $150,480.70 in expert witness fees); *Guzman v. Hacienda Records*, No. 6:12-cv-42, 2015 WL 4920058, at *5 (S.D. Tex. Aug. 18, 2015) ($30,510.00); *Sun Media Sys., Inc. v. KDSM, LLC*, 587 F. Supp. 2d 1059, 1066 (S.D. Iowa 2008) ($22,600.97); *Jensen v. Lawler*, 338 F. Supp. 2d 739, 746–47 (S.D. Tex. 2004) ($13,088.53). Despite reasonable efforts, a plaintiff with limited financial means may not be able to obtain "more probative" evidence to prove the reasonableness and necessity of

incurred medical expenses. Indeed, the costs of experts would render it impracticable, often impossible, for many injured parties to litigate in federal court. Where a plaintiff cannot afford to hire an expert witness to testify on legitimate medical expenses incurred, Section 18.001 affidavits are often the most probative evidence available. Accordingly, no direct collision exists between Section 18.001 and the federal rules against hearsay.

Even if a conflict did exist, however, "federal courts have nevertheless applied state rules of evidence if they reflect a substantive state policy." *Peals*, 511 F. Supp. 3d at 774-76 (collecting cases).[4] Thus, even assuming a direct conflict, Section 18.001 may very well be "one of those rare evidentiary rules which is so bound up with state substantive law that federal courts sitting in Texas should accord it the same treatment as state courts in order to give full effect to Texas' substantive policy." *Id.* (quoting *Conway v. Chemical Leaman Tank Lines, Inc.*, 540 F.2d 837, 838 (5th Cir. 1976)).

Concluding that the Federal Rules of Evidence do not directly conflict with Section 18.001, the Court now proceeds with a traditional *Erie* analysis.

### C. Erie *Analysis*

Considering the *Erie* touchstones, the Court joins its sister courts who have followed the reasoning articulated in *Rahimi* and concludes that Section 18.001 affidavits are permissible in federal diversity cases.

---

[4] *See, e.g., Carota v. Johns Manville Corp.*, 893 F.2d 448, 450-51 (1st Cir. 1990) (applying Massachusetts law to admit evidence of settlement, despite conflict with Rule 408); *DiAntonio v. Northampton-Accomack Mem'l Hosp.*, 628 F.2d 287 (4th Cir. 1980) (admitting evidence of prior proceeding under Virginia law); *Foradori v. Harris*, 523 F.3d 477, 516 (5th Cir. 2008) (applying Mississippi law to admit medical bills despite conflict with Rule 801); *Barron v. Ford Motor Co. of Canada Ltd.*, 965 F.2d 195, 198–201 (7th Cir. 1992) (applying North Carolina law despite conflict with Rules 401 and 402), *cert. denied*, 506 U.S. 1001 (1992); *Potts v. Benjamin*, 882 F.2d 1320, 1324 (8th Cir. 1989) (applying Arkansas law to exclude evidence despite conflict with Rule 401); *Blanke v. Alexander*, 152 F.3d 1224 (10th Cir. 1998) (applying Oklahoma law to admit evidence of liability insurance, despite conflict with Rules 401, 402, 403, and 411).

Section 18.001 enables parties to prove up ***uncontested*** reasonable and necessary medical expenses at a significantly reduced time and cost.[5] This is as it should be. The alternative is to require testimony of experts by way of deposition or trial. This would require medical practitioners to take time away from their important jobs for the sole purpose of proving up that the medical care they rendered and fees they charged were reasonable and necessary. Requiring plaintiffs to clear such a hurdle to prove up damages, particularly when medical expenses are uncontested, imposes an enormous burden on many injured parties upon removal to federal court. This permits defendants to selectively force plaintiffs to engage in unnecessarily more expensive and difficult litigation in federal court by the simple act of removal. The resulting disparity between federal plaintiffs and those who are able to avoid removal is directly at odds with *Erie*'s "twin aims" of "discourag[ing] forum-shopping and avoid[ing] inequitable administration of the laws." *Hanna*, 380 U.S. at 468. Further, the Court finds that it would "significantly affect the result of a litigation for a federal court to disregard" Section 18.001, which "would be controlling in an action upon the same claim by the same parties in a State court." *Guaranty Tr. Co.*, 326 U.S. at 109; *see also Rahimi*, 474 F. Supp. 2d at 829 (holding that denying plaintiffs the ability to establish prima facie proof of medical expenses pursuant to Section 18.001 would deprive plaintiffs of "the means to avoid the significantly more expensive and time-consuming alternatives to proving damages which would otherwise be available in state court").

In sum, the Court finds that Section 18.001 is "bound up" in state substantive rights such that it must apply in order to avoid the inequitable administration of laws. Such a conclusion is

---

[5] Regardless of the divide on the statute's applicability, federal and state courts alike are unanimous that Section 18.001 saves litigants significant time and resources. *See, e.g., Gunn*, 554 S.W.3d at 672 (holding that Section 18.001 affidavits streamline proof of reasonableness and necessity); *Vansill*, 520 F. Supp. 3d at 851 (collecting cases recognizing utility and cost saving of Section 18.001 affidavits and noting that "the savings in the cost of litigation afforded by [Section 18.001] are enormous"); *Cueva*, 2019 WL 10302147 at *2 (observing that Section 18.001 "permits parties to prove up the reasonableness and necessity of medical expenses through the far easier and cheaper method of affidavits"); *Ten Hagen Excavating, Inc.*, 503 S.W.3d at 491 (holding that Section 18.001 affidavits "can save the plaintiffs the expense of having to hire an expert to testify").

consistent with the Fifth Circuit's categorization of other state laws governing damages as substantive. *See, e.g., McCaig v. Wells Fargo Bank (Texas), N.A.*, 788 F.3d 463, 482 (5th Cir. 2015) ("[S]tate law governs what the plaintiff must prove and how it may be proved; federal law governs whether the evidence is sufficient to prove it."); *Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 398 (5th Cir. 2013) ("The law governing what damages are recoverable is substantive, and therefore in a diversity case state law governs what damages are available for a given claim and the manner in which those damages must be proved."); *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 884 (5th Cir. 2004) ("[W]e apply federal standards of review to assess 'the sufficiency or insufficiency of the evidence in relation to the verdict,' but in doing so we refer to state law for 'the kind of evidence that must be produced to support a verdict.'" (quoting *Ayres v. Sears, Roebuck & Co.*, 789 F.2d 1173, 1175 (5th Cir. 1985)).

At bottom, Section 18.001 governs how plaintiffs may attempt to prove up their damages, which may be effectively rebutted by a counter-affidavit served under Section 18.001(e). *See* FED. R. EVID. 301 ("In a civil case, state law governs the effect of a presumption regarding a claim or defense for which state law supplies the rule of decision."). Permitting an affidavit under Section 18.001 would not conclusively establish the reasonableness and necessity of medical services or the damages to which a plaintiff is entitled. Rather, it would provide plaintiffs in federal court with "the means to avoid the significantly more expensive and time-consuming alternatives to proving damages which would otherwise be available in state court." *Rahimi*, 474 F. Supp. 2d at 829. Such an outcome is consistent with the "twin aims" of *Erie* and Fifth Circuit precedent.

### D. *Timing and Notice Provisions*

Defendant's Motion also references the notice requirements and deadlines set forth in Section 18.001(d)-(i). Specifically, Section 18.001(d) requires the party offering the affidavit as evidence to "file notice with the clerk of the court" and serve such an affidavit by the earlier of

"90 days after the defendant files an answer" or the date the party is required to designate expert witnesses, pursuant to either a court order or the Texas Rules of Civil Procedure. *See* TEX. CIV. PRAC. & REM. CODE § 18.001(d)(1)-(3), (d-2). Similar timing and notice requirements are imposed with respect to counter-affidavits. *See id.* § 18.001(e-1)(1)-(3), (g). The Court's holding does not extend to these provisions, which are clearly procedural. Instead, the timing and deadlines for filing or controverting an affidavit under Section 18.001 will continue to be governed by federal procedural law, the Local Rules, and other Court orders.

### E. *Certification*

Finally, the Court heeds the calling of the District Court in *Schmidt* to seek the Fifth Circuit's authoritative guidance on this "bedeviling question." *Schmidt*, 2022 WL 2064980 at *3 ("Thus, in a case that cleanly presents the issue, the Court would consider certifying the question under 28 U.S.C. § 1292(b): the question is purely legal, has deeply divided district courts, has never been addressed by the Fifth Circuit, and materially affects the course of litigation.") (citing *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1256-60 (11th Cir. 2004)); *see also id.* at *2 ("[T]here is an urgent need for the Fifth Circuit to step in and provide clarity.").

Under 28 U.S.C. § 1292(b), the Court may certify an order that is not otherwise appealable for interlocutory appeal if it determines that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." As set forth above, federal district courts within this Circuit are very divided on this Section 18.001 affidavits issue. And resolving this issue would advance the ultimate termination of this litigation, as it would "eliminate complex issues so as to simplify the trial" and "eliminate issues to make discovery easier and less costly." *Coates v. Brazoria Cnty., Tex.*, 919 F. Supp. 2d 863, 867 (S.D. Tex. 2013)

11

(Costa, J.). **The Court therefore certifies this Order for immediate interlocutory appeal under 28 U.S.C. § 1292(b).**

## IV. CONCLUSION

For the reasons set forth above, Defendant QuikTrip's Motion to Strike Plaintiff's Affidavits Served Pursuant to Texas Civil Practice and Remedies Code Section 18.001 [ECF No. 15] is **DENIED**. Defendant shall have thirty (30) days from the date of this Order to serve any controverting affidavits in rebuttal to Plaintiff's assertions of reasonableness and necessity. It is further **ORDERED** that this Order is certified for immediate interlocutory appeal under 28 U.S.C. § 1292(b).

**SO ORDERED.**

SIGNED August 31, 2022.

_____
**KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE**